I concur in the majority's analysis and disposition of appellant's first assignment of error. I write separately as to this assignment of error only to note appellee did not file an objection to the January 2, 1998 Magistrate's Decision which recommended the 27% downward deviation because the time the children spend with each parent remained the same as per the prior order. (Recommendation #2, January 2, 1998 Magistrate Decision at 12). As to appellant's second assignment of error, I concur in the majority's analysis and disposition as it pertains to appellant's attack on Finding of Fact Nos. 2, 12, 13, 14, and 15. I would overrule appellant's attack on Finding of Fact No. 5 because he did not object to that finding in the trial court. See, Civ. R. 53(E)(3)(b). I respectfully disagree with the majority's decision as it pertains to appellant's attack on Finding of Fact No. 9. The majority states, "As noted above, we find evidence contained in the record to support the trial court's conclusion." (Majority Opinion at 8). Upon review of the majority opinion, the only previous mention therein of stock purchases or sales deals with the single purchase and sale of First Federal Bank stock in 1996, and the purchase of other stock which appellant still holds. Unlike the majority or the trial court, I find the one time sale of the First Federal Bank stock is a "nonrecurring or unsustainable income or cash flow item" pursuant to R.C. 3113.215(A)(11) and the trial court erred by including it in its child support computation. Finally, I concur in the majority's analysis and disposition of appellant's third assignment of error.